IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

MIGUEL ROGONDINO,

    Plaintiff,

    v.

ANTHONY PAOLILLO,

    Defendant.

CIVIL NO. 09-2028 (BJM)

## OPINION AND ORDER

This diversity case centers on three pieces of heavy equipment that defendant allegedly transferred to plaintiff in partial payment of a debt. Before the court is defendant Anthony Paolillo's ("Paolillo") motion for summary judgment and supporting documents (Docket Nos. 33, 34, 37, 49, 55, 57) and plaintiff Miguel Rogondino's ("Rogodino") opposition. (Docket No. 47). This case is before me on the consent of the parties. (Docket No. 24). For the reasons that follow, defendant's motion for summary judgment is granted.

### The Complaint

Rogondino, a citizen of Italy, filed this complaint (Docket No. 1) against Paolillo, a resident of Puerto Rico, invoking this court's diversity jurisdiction under 28 U.S.C. §1332(a)(2).

The complaint alleges that in January 2002, Paolillo transfered to Rogondino title to three pieces of heavy equipment (a Mack Truck, a Wendt Compact machine, and a Liebber Excavator) valued by the parties at $175,400 in partial payment of a $294,000 debt owed by Paolillo to Rogondino. According to the complaint, even though title to the equipment passed to Rogondino in 2002, the equipment was never delivered, and plaintiff, who did not reside in Puerto Rico, had to hire someone to investigate its whereabouts. Paolillo allegedly continued using the equipment for his own benefit resulting in its deterioration. In December 2004, Paolillo allegedly sold the equipment to a third party for $54,500. Rogondino filed the present suit seeking to recover the value

of the equipment, the amount Paolillo received from its sale to a third party, plus the a sum corresponding to the loss of the use of the equipment.

## Material Facts in Support of Summary Judgment

The following material facts are either undisputed or conclusively supported by the evidentiary record except where otherwise noted.[1]

In 2006, plaintiff Rogondino filed a previous suit against defendant Paolillo and Wilfredo Diaz-Fernandez ("Diaz") in the courts of Puerto Rico for collection of monies. (Docket Nos. 33-1, ¶ 3; 37-1). The state court complaint alleged that pursuant to an agreement among the three, Rogondino invested in Paolillo's and Diaz's nascent scrap metal business by making two loans to them of $294,000 and $250,000, for a total of $544,000, to be repaid with interest. Rogondino alleged that Paolillo and Diaz never repaid Rogondino after spending the funds in cash and on materials and equipment for the business, which they "disposed [of] to their will." (Docket No. 37-1). In November 2008, the state court dismissed the complaint with prejudice as to Paolillo because Rogondino failed to serve process on Paolillo for over two years. (Docket Nos. 33-1, ¶ 4; 34-1).

In a deposition conducted in May 2009 for the case against the remaining defendant, Diaz, Paolillo testified that between 2003 and 2004, he stored with one Mr. Ocasio three pieces of

---

[1] In determining what facts are supported by the evidentiary record, I have applied Local Rule 56(e):

> Facts contained in a supporting or opposing statement of material facts, if supported by record citations as required by this rule, shall be deemed admitted unless properly controverted. An assertion of fact set forth in a statement of material facts shall be followed by a citation to the specific page or paragraph of identified record material supporting the assertion. The court may disregard any statement of fact not supported by a specific citation to record material properly considered on summary judgment. The court shall have no independent duty to search or consider any part of the record not specifically referenced in the parties' separate statement of facts.

Since plaintiff failed to admit, deny, or qualify each of defendant's facts in accordance with Local Rule 56(c), those facts have been deemed admitted where properly supported by the record; however, the court has disregarded defendant's exhibits which have not been authenticated and for which no certified English translations have been submitted, as required by Local Rule 5(g). (Docket No. 34-1, p. 1, 2). The court has also disregarded plaintiff's opposing facts that are not properly supported by citations to the record. (Docket No. 47, p. 2-3).

equipment plus Rogondino's equipment (not specified), which he testified had been delivered to Rogondino. (Docket No. 47-1, p. 2). He testified that the "machinery belonging to [him]" which he stored with Ocasio, consisting of a packer (or compactor), a Mack truck, and an excavator, had value while stored, and that he had purchased the packer for around $275,000 used, the excavator for $15,000 used, and the Mack truck for about $40,000 used. (Id.; Docket No. 47-2, p. 1-2). Paolillo also testified that the owner of "the machinery" (not specified) was the corporation Multi-Iron Steel Processors ("MISP"), and that "the machinery" was purchased with the money Rogondino loaned to Multi-Iron Steel. When presented with a document, Paolillo testified that the document stated that "the machinery" was given to Rogondino in payment, but that Paolillo had not been aware of the document because Díaz, not Paolillo, had signed it. (Docket No. 57-2).

Paolillo further testified that by 2004 the stored Mack truck, excavator, and compactor had been so heavily vandalized for parts as to be no longer usable. He testified that in order to cover expenses from a lawsuit he was involved in, Paolillo sold both his and Rogondino's equipment in late 2004 to a Bayamón company called "Metal Management," represented by Roy Barrie. Paolillo testified that he made the sale in his personal capacity and received monthly payments in checks addressed to him, and that he did not know whether Diaz knew of the transaction. (Docket No. 47-2, p. 2-5). In the instant case, plaintiff submitted as evidence a contract of sale dated December 14, 2004, between Paolillo, representing himself, and buyer Materials Management, Inc., represented by Barrie, for several pieces of equipment in "neglected" condition, sold "as-is": a Liebherr excavator, a Wendt mobile baler, and two Mack trucks (one a 1989 model, the other a 1990). (Docket No. 47-3).

**Standard for Summary Judgment**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material only if it "might affect the outcome of the suit under the governing law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). In determining if a material fact is

"genuine," the court does not weigh the facts but instead ascertains whether the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id.; Leary v. Dalton, 58 F.3d 748, 751 (1st Cir. 1995).

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the [evidence] . . . which it believes demonstrate the absence of a genuine issue of material fact." Crawford-El v. Britton, 523 U.S. 574, 600 n.22 (1998) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)); Fed. R. Civ. P. 56(c)(1)(A). Once this threshold is met, the burden shifts to the nonmoving party, who "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Of course, the court draws inferences and evaluates facts "in the light most favorable to the nonmoving party." Leary, 58 F.3d at 751.

## Discussion

Defendant argues that plaintiff's complaint must be dismissed because MISP is an indispensable party whose joinder as a co-plaintiff would defeat diversity jurisdiction, and because the present suit is precluded under the doctrine of *res judicata*. (Docket No. 33). The court will address each argument in turn.

### A. Failure to Join Indispensable Party

Federal Rule of Civil Procedure 19 requires joinder of a party in whose absence the court cannot accord complete relief among existing parties, or who claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may, as a practical matter, impair or impede the person's ability to protect the interest. Fed. R. Civ. P. 19(a)(1). A person who refuses to join as a plaintiff may be made either a defendant or, in a proper case, an involuntary plaintiff. Fed. R. Civ. P. 19(a)(2). Joinder is required if it will not deprive the court of subject-matter jurisdiction. Fed. R. Civ. P. 19(a)(1). If joinder is not feasible, the court must

**Rogondino v. Paolillo**  Page 5
Civil No. 09-2028 (BJM)
OPINION AND ORDER

consider certain factors and determine whether the action should proceed among the existing parties or should be dismissed. Fed. R. Civ. P. 19(b).

The complaint alleges that defendant is a resident of Puerto Rico and plaintiff is a foreign national residing in Italy. (Docket No. 1-2, ¶ 2). Defendant argues that the real owner of the three pieces of equipment at issue is MISP, so MISP must be joined as a co-plaintiff (not as a defendant) because it is an indispensable party under Rule 19. However, defendant contends that the complaint must be dismissed because MISP is a Puerto Rico corporation whose joinder would deprive this court of jurisdiction under 28 U.S.C. § 1332, which requires complete diversity between plaintiffs and defendants. (Docket No. 33, p. 7-12). In opposing defendant's motion, plaintiff does not mention MISP, but argues only that he was the owner of the property. (Docket No. 47).

Defendant's argument fails for several reasons. First, defendant has not submitted competent evidence that MISP is a Puerto Rico incorporation; the document defendant submitted has not been authenticated or translated. (Docket No. 34-1, p. 1). Second, while defendant alleges that MISP owns the three pieces of equipment, the evidence defendant submitted in support of this claim also has not been authenticated or translated and is likewise inadmissible. Even if the court were to consider the document, it apparently pertains only to the 1989 Mack truck, not to the other two pieces of equipment. (Docket No. 34-1, p. 2). Furthermore, according to the deposition excerpts provided by the parties, Paolillo testified that he, Paolillo, bought and owned the three pieces of equipment before selling them (along with unspecified machinery belonging to plaintiff) in 2004; that MISP owned certain unspecified pieces of machinery after purchasing them with money plaintiff loaned to MISP; and that according to a document with which he was unfamiliar, the machinery was transferred from MISP to plaintiff in payment. (Docket Nos. 47-1, p. 2; 47-2, p. 1-2; 57-2, p. 1). It is therefore unclear who was the legal owner of which pieces of equipment at the time of the 2004 sale to Roy Barrie's company. The murky factual situation created by defendant's deposition excerpts renders summary judgment inappropriate in any event. Accordingly, I find that the exclusion of MISP as a co-plaintiff is not grounds for dismissal.

**B.    *Res Judicata***

Defendant argues that plaintiff's state court suit, which was dismissed with prejudice as to Paolillo,[2] precludes plaintiff from maintaining the instant action. (Docket No. 33, p. 12-13). The burden of establishing the affirmative defense of *res judicata* rests on the defendant to an action. Dillon v. Select Portfolio Servicing, 630 F.3d 75, 80 (1st Cir. 2011) (citation omitted). Puerto Rico law dictates the preclusive effect of a final judgment issued by a Commonwealth court. Cruz v. Melecio, 204 F.3d 14, 18 (1st Cir. 2000). Under Puerto Rico law, *res judicata* and collateral estoppel preclude the relitigation of claims and issues that were, or could have been, brought in a previous action for which judgment has been rendered. Barreto-Rosa v. Varona-Mendez, 470 F.3d 42, 45 (1st Cir. 2006) (citation omitted). Puerto Rico *res judicata* doctrine requires that between the earlier and the later case, "there be the most perfect identity between the things, causes, and persons of the litigants, and their capacity as such." 31 L.P.R.A. § 3343. "Although the statute only mentions *res judicata*, or claim preclusion, it also permits collateral estoppel by judgment, or issue preclusion," where there is a prior judgment on the merits that is "final and unappealable." Barreto-Rosa, 470 F.3d at 45 (citations omitted).

A voluntary dismissal with prejudice is considered a "final and unappealable" judgment under Puerto Rico law. Id. at 45-46 (citing Medina v. Chase Manhattan Bank, 737 F.2d 140, 142 (1st Cir. 1984)). The state court dismissed Rogondino's complaint against Paolillo with prejudice because Paolillo had not been served process in over two years (Docket No. 34-1, p. 6), and under such circumstances, Puerto Rico Rule of Civil Procedure 4.3 states that the movant shall be deemed to have voluntarily dismissed the action with prejudice. 32 L.P.R.A. App. I, Rule 4.3(b) ("If the [six-month] term originally prescribed or its enlargement expires before service of summons, the case shall be dismissed with prejudice to plaintiff."). A dismissal with prejudice under Rule 4.3(b) is "a

---

[2] Plaintiff's motion opposing summary judgment mentions in passing that the state court action went to trial against the remaining defendant, Diaz, and is awaiting resolution from the court. (Docket No. 47, p. 3).

dismissal that, by statutory mandate, constitutes an adjudication on the merits." Saez-Navarro v. Banco Santander P.R., 2009 WL 1108696, at *3 (D.P.R. Apr. 17, 2009). Therefore, *res judicata* doctrine will bar the instant case if there is identity between the parties and the causes of action.

The instant complaint alleges that pursuant to a contract with plaintiff, Paolillo transferred title to plaintiff of the 1989 Mack truck, compactor, and excavator, valued by the parties at $175,400, as partial payment of a $294,000 debt. The complaint alleges that Paolillo never delivered the equipment, wore it down through using it for his own benefit, then sold it for $54,500 on or around December 14, 2004. Plaintiff seeks $579,900 for the equipment's contractual value, the alleged sale proceeds, and the loss of use and control of the equipment (valued at $350,000), plus costs and attorney's fees. (Docket No. 1-2).

Defendant argues that the two suits involve the same parties and the same cause of action for collection on the $294,000 debt. (Docket No. 33, p. 12-13). Plaintiff responds that "the parties[,] while the same[,] are not in the same quality." He further argues that the causes of action are not identical, as the state court case was brought against Paolillo and Díaz for collection of monies on a debt, while the instant case is for misappropriation of property that allegedly belonged to plaintiff pursuant to a contract with defendants. (Docket No. 47, p. 3-4, 6).

I am unpersuaded by plaintiff's argument that the parties are not identical. In both cases, Rogondino is claiming that he is owed money by Paolillo related to a $294,000 debt. Paolillo's role as debtor is also similar in both case. I therefore find that the requirement of identity of the parties is satisfied.

The matter of identity of causes is slightly more complicated. Defendant argues that in both cases plaintiff is seeking to recover money from the $294,000 debt. Moreover, defendant points out that all of the important facts in the present case - the debt, the alleged transfer of the equipment from defendant to plaintiff, and defendant's later sale of that same equipment to a third party - occurred *before* plaintiff filed the first suit in 2006 and before that suit was dismissed with prejudice. Plaintiff does not seriously dispute any of these facts, but nevertheless contends that the causes of action in

**Rogondino v. Paolillo** Page 8
Civil No. 09-2028 (BJM)
OPINION AND ORDER

the two suits are not identical since the present case is grounded not on the original $294,000 debt, but rather on defendant's failure to deliver the equipment and his later resale of it to a third party. Plaintiff's distinction, I believe, is without a difference.

As mentioned above, under Puerto Rico law, *res judicata* and collateral estoppel preclude the relitigation of claims and issues that were, or could have been, brought in a previous action for which judgment has been rendered. Barreto-Rosa 470 F.3d at 45. The Puerto Rico Supreme Court has held that "the best test for determining whether a former judgment is a bar to a subsequent action is to inquire whether the same evidence will sustain both actions. If different evidence is required to sustain the different actions, then the causes of action are different and the former judgment is no bar to litigate the other cause of action." Mercado Riera v. Mercado Riera, 100 P.R.R. 939, 950 (1972) (quotation omitted). Moreover, the "remedy... is not an integral element of the cause of action, therefore an action for damages based on a right adjudicated in a prior suit between the same parties in which the damages should have been claimed does not lie." Id. at 951.

Here, an examination of the claims made in both suits leads me to conclude that the evidence needed to sustain both lawsuits is essentially the same. In the 2006 case, Rogondino alleged, in part, that he contributed the sum of $294,000 to Paolillo and Díaz, that these defendants received, utilized, and disposed of this amount, "which the defendants owe the plaintiff and which they have not paid to the plaintiff." (Docket No. 37-1, p. 2). Importantly, plaintiff would have to present evidence regarding non-payment in order to sustain his cause of action in the original suit. Such evidence necessarily would include the transfer of the heavy equipment, which plaintiff now contends was made in partial satisfaction of the $294,000 debt, as well as evidence as to whether Paolillo wrongly resold that equipment to a third party. In fact, plaintiff pursued the matter of the equipment as part of the discovery of evidence in the original case as it pertained to Diaz, the remaining defendant. Thus, the evidence needed to sustain the present controversy would be part and parcel of the evidence needed to prove the claims and defenses in the original suit.

**Rogondino v. Paolillo**  Page 9
Civil No. 09-2028 (BJM)
OPINION AND ORDER

Plaintiff, nevertheless, contends that he could not have brought his present claims in the earlier case because that action was dismissed as to Paolillo in November 2008, and plaintiff learned for the first time during Paolillo's May 2009 deposition about Paolillo's December 2004 sale of the equipment at issue. (Docket No. 47, p. 3-4, 6). Be that as it may, plaintiff clearly knew before the 2006 suit was filed that Paolillo transferred the equipment to him as partial satisfaction of the debt but had failed to deliver the equipment. Thus, plaintiff was clearly on notice at the time he filed the original suit that he likely had *not* received the partial payment he had hoped for and that he had not enjoyed the use and benefit of the equipment - rights that he now seeks to redeem in the present case. Just as clearly, plaintiff had the opportunity to litigate those rights in the original suit but forfeited the same by failing to serve process on Paolillo for two years after the case was filed. Under these circumstances, the doctrine of *res judicata* precludes plaintiff's claims in the present case.

## Conclusion

For the reasons explained above, defendant's motion for summary judgment (Docket No. 33) is **GRANTED.** Judgment to be entered accordingly.

**IT IS SO ORDERED**.

In San Juan, Puerto Rico, this 6th day of June, 2011.

*S/ Bruce J. McGiverin*
BRUCE J. McGIVERIN
United States Magistrate Judge